UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>                      Plaintiff,<br><br>           v.<br><br>JOHN DOE subscriber assigned IP address 72.199.240.146,<br><br>                      Defendant. | Civil No.    13-cv-442-LAB (DHB)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[ECF No. 4]** |

On March 19, 2013, Plaintiff Malibu Media, LLC filed an *Ex Parte* Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference ("Motion"). (ECF No. 4.) Because Defendant has not been named or served, no opposition or reply briefs have been filed. For the reasons discussed below, Plaintiff's Motion is **GRANTED**.

## I. PROCEDURAL HISTORY

On February 25, 2013, Plaintiff filed a Complaint against John Doe, subscriber assigned IP address 72.199.240.146 ("Defendant"). (ECF No. 1.) Plaintiff alleges a single cause of action for direct copyright infringement. Plaintiff asserts that it is the registered owner of the copyrights set forth in Exhibit B to the Complaint ("Copyrights-in-Suit"). (*See* ECF No. 1 at ¶3, Ex. B.) Plaintiff contends Defendant used the

BitTorrent file distribution network to copy and distribute Plaintiff's copyrighted works through the Internet without Plaintiff's authorization. (ECF No. 1 at ¶¶ 10-33.)

On March 19, 2013, Plaintiff filed the instant Motion in which Plaintiff seeks leave to take early discovery to learn the identity of Defendant from his or her respective Internet Service Provider ("ISP"). Specifically, Plaintiff seeks an order permitting it to serve a Rule 45 subpoena on the third party ISP, and any related intermediary ISPs, demanding the true name and address of Defendant, who is associated with the Internet Protocol ("IP") address 72.199.240.146. (ECF No. 4 at 4.)

## II. LEGAL STANDARDS

Generally, discovery is not permitted without a court order before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f). Fed. R. Civ. P. 26(d)(1). "[H]owever, in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Requests for early or expedited discovery are granted upon a showing by the moving party of good cause. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002) (applying "the conventional standard of good cause in evaluating Plaintiff's request for expedited discovery").

"The Ninth Circuit has held that when the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *808 Holdings, LLC v. Collective of December 29, 2011 Sharing Hash*, No. 12-cv-0186 MMA (RBB), 2012 WL 1648838, *3 (S.D. Cal. May 4, 2012) (quoting *Gillespie*, 629 F.2d at 642). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." *Columbia Ins.*, 185 F.R.D. at 578 (citing *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977)).

District courts apply a three-factor test when considering motions for early discovery to identify Doe defendants. *Id.* at 578-80. First, "the plaintiff should identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court." *Id.* at 578. Second, the plaintiff "should identify all previous steps taken to locate the elusive defendant" to ensure that the plaintiff has made a good faith effort to identify and serve process on the defendant. *Id.* at 579. Third, the "plaintiff should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." *Id.* (citing *Gillespie*, 629 F.2d at 642). "[T]o prevent abuse of this extraordinary application of the discovery process and to ensure that the plaintiff has standing to pursue an action against defendant," plaintiff must show that some act giving rise to liability actually occurred and that the discovery is aimed at identifying the person who allegedly committed the act. *Id.* at 579-80 (citing *Plant v. Various John Does*, 19 F. Supp. 2d 1316, 1321 n.2 (S.D. Fla. 1998)).

## III. ANALYSIS

### A. <u>Identification of Missing Party with Sufficient Specificity</u>

First, Plaintiff must identify the Doe Defendant with enough specificity to enable the Court to determine that Defendant is a real person or entity who would be subject to the jurisdiction of this Court. *Columbia Ins.*, 185 F.R.D. at 578. This court has "determined that a plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation technology' to trace the IP addresses to a physical point of origin." *808 Holdings*, 2012 WL 1648838, at *4 (quoting *OpenMind Solutions, Inc. v. Does 1-39*, No. C-11-3311 MEJ, 2011 WL 4715200 (N.D. Cal. Oct. 7, 2011); *Pink Lotus Entm't, LLC v. Does 1-46*, No. C-11-02263 HRL, 2011 WL 2470986 (N.D. Cal. June 21, 2011)).

Here, Plaintiff submitted a chart that lists the unique IP address corresponding to Defendant, and the dates and times of the purportedly infringing activity, as well as the

city and state in which the IP address is located.  (ECF No. 4-4, Feiser Decl., Ex. B.)  Consequently, Plaintiff has identified Defendant with sufficient specificity.  *See OpenMind Solutions*, 2011 WL 4715200, at *2 (concluding that plaintiff satisfied the first factor by identifying the defendants' IP addresses and by tracing the IP addresses to a point of origin within the State of California); *Pink Lotus Entm't*, 2011 WL 2470986, at *3 (same).  In addition, Plaintiff has presented evidence that the identified IP address is physically located in this district.  (*See* ECF No. 4-4 , Feiser Decl., Ex. B.)

### B. Previous Attempts to Locate Defendant

Next, Plaintiff must describe all prior steps it has taken to identify the defendant in a good faith effort to locate and serve him or her.  *See Columbia Ins.*, 185 F.R.D. at 579.  In its Motion, Plaintiff describes the efforts it made to learn the IP address of Defendant.  (ECF No. 4-2, Feiser Decl., at ¶¶ 13-21.)  However, Plaintiff generally maintains that there are no other practical measures available to determine the actual identity of Defendant.  (ECF No. 4 at 8.)  Indeed, Plaintiff asserts that the second factor is satisfied because "there is no other way for Plaintiff to obtain Defendant's identity, except by serving a subpoena on Defendant's ISP demanding it." (*Id.*)

Thus, Plaintiff appears to have obtained and investigated the available data pertaining to the alleged infringement in a good faith effort to locate Defendant.  *See OpenMind Solutions*,  2011 WL 4715200, at *3; *MCGIP, LLC v. Does 1-149*, 2011 WL 3607666, *2 (N.D. Cal. Aug. 3, 2011); *Pink Lotus Entm't*, 2011 WL 2470986, at *3.

### C. Ability to Withstand a Motion to Dismiss

"Finally, to be entitled to early discovery, [Plaintiff] must demonstrate that its Complaint can withstand a motion to dismiss." *808 Holdings*, 2012 WL 1648838 at *5 (citing *Columbia Ins.*, 185 F.R.D. at 579).

#### 1. Ability to State a Claim Upon Which Relief Can Be Granted

In order to establish copyright infringement, a plaintiff must show: (1) ownership of a valid copyright, and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act. *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir.

2004); 17 U.S.C. § 501(a).  Here, Plaintiff alleges it owns the registered copyrights of the works that Defendant allegedly copied and distributed using the BitTorrent file distribution network.  (Compl. at ¶3, Ex. B.)  Plaintiff also alleges it did not authorize, permit, or consent to Defendant's copying or distribution of its works.  (Compl. at ¶ 31.)  It appears Plaintiff has stated a prima facie claim for copyright infringement that can withstand a motion to dismiss.

### 2. Personal Jurisdiction

The plaintiff bears the burden of establishing jurisdictional facts.  *See Columbia Ins. Co.*, 185 F.R.D. at 578.  Plaintiff's Motion does not discuss whether this Court has personal jurisdiction over Defendant.  However, Plaintiff's Complaint indicates that Defendant is located in this judicial district.  (*See* ECF No. 1, Ex. A (showing the IP address associated with Defendant is located in San Diego County).  The Complaint also alleges that Defendant's acts of copyright infringement occurred using an IP address traced to a physical location in this district, that Defendant resides in California, and/or Defendant "has engaged in substantial and not isolated business activity" in California. (ECF No. 1. at ¶ 5.)

Therefore, at this early juncture, it appears Plaintiff has alleged sufficient facts to show it can likely withstand a motion to dismiss for lack of personal jurisdiction because Defendant's IP address was traced to a location in this district.  *See 808 Holdings*, 2012 WL 1648838  at *6-7.

### 2. Venue

 "The venue of suits for infringement of copyright is not determined by the general provision governing suits in the federal district courts, rather by the venue provision of the Copyright Act." *Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. 2007) (citing 28 U.S.C. § 1400(a); *Lumiere v. Mae Edna Wilder, Inc.*, 261 U.S. 174, 176 (1923)). ) "In copyright infringement actions, venue is proper 'in the district in which the defendant or his agent resides or may be found.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) (quoting 28 U.S.C. § 1400(a)). "The

Ninth Circuit interprets this statutory provision to allow venue 'in any judicial district in which the defendant would be amendable to personal jurisdiction if the district were a separate state.'" *Id.* (quoting *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1994)).

Plaintiff does not address venue in the Motion. In the Complaint, however, Plaintiff alleges venue is proper because although Defendant's true identity is unknown, Defendant resides (and therefore can be found in this district), and a substantial part of the infringing acts complained of occurred in this district. (ECF No. 1 at ¶ 6.) Defendant appears to have an IP address in this district. Accordingly, Plaintiff's Complaint can likely survive a motion to dismiss.

## D.  Cable Privacy Act

Finally, the Court must consider the requirements of the Cable Privacy Act, 47 U.S.C. § 551. The Act generally prohibits cable operators from disclosing personally identifiable information regarding subscribers without the prior written or electronic consent of the subscriber. 47 U.S.C. § 551(c)(1). A cable operator, however, may disclose such information if the disclosure is made pursuant to a court order and the cable operator provides the subscriber with notice of the order. 47 U.S.C. § 551(c)(2)(B). The ISP that Plaintiff intends to subpoena in this case is a cable operator within the meaning of the Act.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference is **GRANTED**.

Plaintiff may serve a subpoena on the Defendant's ISP, seeking the <u>name and address</u> of Defendant. That information should be sufficient for Plaintiff to be able to identify and serve Defendant.

Each subpoena must provide a minimum of <u>forty-five days</u> notice before any production and shall be limited to one category of documents identifying the particular subscriber or subscribers on the "Hit Date (UTC)" listed on Exhibit B to Plaintiff's

1  Motion. (ECF No. 4-4.) The requested information should be limited to the name and
2  address of the subscriber. Any subpoenaed third party may seek a protective order if it
3  determines there is a legitimate basis for doing so.

4       The ISP shall have <u>fourteen calendar days</u> after service of the subpoenas to notify
5  the subscriber that his or her identity has been subpoenaed by Plaintiff. The subscriber
6  whose identity has been subpoenaed shall then have <u>thirty calendar days</u> from the date
7  of the notice to seek a protective order or file any other responsive pleading.

8       Plaintiff shall serve a copy of this Order with any subpoena obtained and served
9  pursuant to this Order to Defendant's ISP. The ISP, in turn, must provide a copy of this
10 Order along with the required notice to the subscriber whose identity is sought pursuant
11 to this Order.

12      No depositions or written discovery to Defendant is authorized at this time.

13 **IT IS SO ORDERED.**

14 DATED: May 3, 2013

16 DAVID H. BARTICK
United States Magistrate Judge